**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1648
_____

UNITED STATES OF AMERICA

v.

JOHN L. KNIGHT,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 2:15-cr-00004-001)
District Judge: Hon. Jose L. Linares
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 9, 2017
_____

Before: McKEE, RENDELL, and FUENTES, *Circuit Judges*.

(Opinion filed: August 23, 2017)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*

John L. Knight appeals his sentence, arguing that the District Court erred in counting his prior robbery convictions as crimes of violence under U.S.S.G. § 2K2.1. For the reasons that follow, we will affirm the sentencing judgment.

**I**

Knight was charged with being a felon in possession of a weapon in January 2015. His sentencing was based, in part, on the Probation Department's determination that Knight's prior convictions—including one for aggravated assault and two for first-degree robbery (which constituted a single count)—qualified as "crimes of violence" under U.S.S.G. § 2K2.1(a)(2). Section 2K2.1 increases a defendant's base offense level when the defendant has prior convictions that constitute "crime[s] of violence," as defined in U.S.S.G. 4B1.2(a)(1).[1]

Knight filed a motion in District Court pursuant to Fed. R. Crim. P. 35 to correct his sentence. The District Court determined that Knight's prior first-degree robbery convictions were, in fact, crimes of violence under § 4B1.2(a)(1), but the aggravated assault conviction was not.[2] The District Court ultimately sentenced Knight to 55

---

[1] Section 2K2.1 does not define "crime of violence" in its text; instead, its commentary says that "'[c]rime of violence' has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." U.S.S.G. § 2K2.1, cmt. n.1. That commentary is "a binding interpretation of the phrase 'crime of violence'" in § 2K2.1. *Stinson v. United States*, 508 U.S. 36, 47 (1993). Accordingly, Section 2K2.1 incorporates § 4B1.2(a) of the United State Sentencing Guidelines Manual and Application Note 1 to § 4B1.2, as if those provisions were expressly set forth in the text of § 2K2.1 itself.

[2] *United States v. Knight*, 2016 WL 223701 (D.N.J. Jan. 9, 2016).

months' imprisonment and three years' supervised release and imposed a $100 special assessment fee. This appeal followed.[3]

## II.

### A. Background

Knight challenges only the District Court's determination that his prior New Jersey robbery convictions qualify as crimes of violence.[4] The relevant New Jersey robbery statute reads:

> *(a) Robbery Defined.* A person is guilty of robbery if, in the course of committing a theft, he:
>
> > 1. Inflicts bodily injury or uses force upon another; or
> > 2. Threatens another with or purposely puts him in fear of immediate bodily injury; or
> > 3. Commits or threatens immediately to commit any crime of the first or second degree.
>
> An act shall be deemed to be included in the phrase "in the course of committing a theft" if it occurs in an attempt to commit theft or in immediate flight after the attempt or commission.
>
> *(b) Grading.* Robbery is a crime of the second degree, except that it is a crime of the first degree if in the course of committing the theft the actor attempts to kill anyone, or purposely inflicts or attempts to inflict serious bodily injury, or is armed with, or uses or threatens the immediate use of a deadly weapon.[5]

---

[3] The Government withdrew its cross-appeal. Gov't Br. 1.

[4] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. "Whether a prior conviction constitutes a crime of violence for purposes of the career offender Guideline is a question of law over which we exercise plenary review." *United States v. Brown*, 765 F.3d 185, 188 (3d Cir. 2014).

[5] N.J. Stat. Ann. § 2C:15-1 (West 2017).

Knight's prior robbery convictions included one under subsection (a)(1) and one under subsection (a)(2).[6] Both were aggravated to first degree under subsection (b).

The Federal Sentencing Guidelines define "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another."[7] We recently clarified in *United States v. Chapman* that "use of physical force" in that definition "does not require that the person employing force *directly* apply harm to—*i.e.*, strike—the victim."[8] Instead, we held, "the 'use' of 'physical force,' as used in § 4B1.2(a)(1), involves the intentional employment of something capable of causing physical pain or injury to another person, regardless of whether the perpetrator struck the victim's body."[9]

Here, the District Court, observing that N.J. Stat. Ann. § 2C:15-1 was divisible, applied the "modified categorical approach"[10] and concluded that first-degree robbery

---

[6] The District Court apparently considered only whether a violation of (a)(1) aggravated in the first degree qualified as a crime of violence. *See* App. 25.

[7] U.S.S.G. § 4B1.2(a)(1). A prior felony conviction separately qualifies if it is for an offense expressly enumerated in § 4B1.2(a)(2) or Application Note 1.

[8] *United States v. Chapman*, --- F.3d ---, No. 16-1810, 2017 WL 3319287, at *3 (3d Cir. Aug. 4, 2017).

[9] *Id.*

[10] When a statute is divisible—i.e., when it "comprises multiple, alternative versions of the crime," *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013)—a sentencing court "may look to a limited class of extra-statutory documents to determine which version of the offense was the basis of conviction," *Brown*, 765 F.3d at 191. This is known as the modified categorical approach. *Shepard v. United States*, 544 U.S. 13, 16 (2005). Under that approach, the sentencing court is permitted to consult, for example, the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual

4

always qualified as a crime of violence under New Jersey law.[11]  It also found that Knight's *Shepard* documents demonstrated that he had, in fact, pled guilty to first-degree robbery (N.J. Stat. Ann. § 2C:15-1(b)).[12]

B. Analysis

Although the District Court did not conclude as much, the Government argues that N.J. Stat. Ann. § 2C:15-1(b) is, itself, divisible.[13]  That is, each way of aggravating second-degree robbery into first-degree robbery under the New Jersey statute requires proof of an element not required for the other way of committing that crime.

We agree with the Government.[14]  Accordingly, we may, under the modified categorical approach, consult available *Shepard* documents to determine whether Knight necessarily admitted elements to a crime that would qualify as a predicate crime-of-

---

finding by the trial judge to which the defendant assented"—those which have been referred to as *Shepard* documents.  *Id.*

[11] The District Court specifically found that "[r]egardless of which subsection an individual is convicted under (*i.e.*, subsection (a)(1), (a)(2), or (a)(3)), if a conviction under N.J.S.A. § 2C:15-1 is in the first degree under subsection (b), it will always be a crime of violence."  App. 26.  The District Court found particularly compelling the fact that N.J. Stat. Ann. § 2C:15-1(b), based on its text, essentially had the "use, attempted use, or threatened use of physical force" as an element if robbery was found in the first degree.  App. 26 (quoting U.S.S.G. § 4Bl .2(a)(l)).  *Id.*

[12] Consulting the Model Penal Code, the District Court also determined that New Jersey's first-degree robbery was not "overbroad" and that its elements "sufficiently correspond[] to first-degree robbery as commonly understood" such that it "qualifies as a predicate offense for sentencing purposes."  App. 27–28.

[13] The District Court found only that N.J. Stat. Ann. § 2C:15-1, as a whole, was divisible.

[14] *See* N.J. Stat. Ann. § 2C:15-1(b) (West 2017) ("Robbery is a crime of the second degree, except that it is a crime of the first degree if in the course of committing the theft the actor attempts to kill anyone, *or* purposely inflicts or attempts to inflict serious bodily injury, *or* is armed with, or uses or threatens the immediate use of a deadly weapon." (emphasis added)).

5

violence.[15]  The *Shepard* documents Knight provided for his New Jersey robbery convictions include his plea colloquy.  That clearly establishes that the aggravator he admitted for both first-degree robbery convictions was a threat to use a deadly weapon.

Knight relies on *United States v. Johnson*,[16] to now argue that his first-degree robbery convictions cannot qualify as crimes of violence because they were for offenses that do not require the kind of violent force that the Supreme Court requires.  In *Johnson*, the Supreme Court explained that "physical force" (as used to define a "violent felony" in the statute there) was "force capable of causing physical pain or injury to another person" and that the term, "violent," itself, "connotes a substantial degree of force."[17]  Knight then points to *United States v. Jones*,[18] a case decided after *Johnson*.  There, the U.S. Court of Appeals for the Second Circuit concluded that a New York first-degree robbery statute did not qualify as a crime of violence.

Knight maintains that the "mere threat of a deadly weapon—not its use, just its mention—categorically fails to require any force, much less violent physical force."[19]  He further concludes that the issue is "not whether [he] committed the robberies using

---

[15] *See Chapman*, 2017 WL 3319287, at *4.

[16] 559 U.S. 133 (2010).

[17] *Id.* at 140.  *Johnson* involved a sentencing enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), not the career offender Guideline, but it still instructs our analysis here.  "Precedent . . . requires the application of case law interpreting 'violent felony' in [the] ACCA to 'crime of violence' in [Guideline] § 4B1.2[] because of the substantial similarity of the two sections."  *United States v. Marrero*, 743 F.3d 389, 395 n.2 (3d Cir. 2014) (first and fourth alteration in original) (quoting *United States v. Herrick*, 545 F.3d 53, 58 (1st Cir. 2008)), *abrogated on other grounds by United States v. Calabretta*, 831 F.3d 128, 135 (3d Cir. 2016).

[18] No. 15-1518, 2016 WL 3923838 (2d Cir. July 21, 2016).

[19] Appellant's Br. 27.

physical force but whether the [New Jersey first-degree robbery] statute permits conviction without the use of physical force."[20]

We disagree. "[U]se" of "physical force" necessarily encompasses threatening the immediate use of a *deadly* weapon, which Knight admitted when he pled guilty. In *Chapman,* we concluded that 18 U.S.C. § 876(c), which prohibits mailing "any threat to kidnap any person or any threat to injure the person of the addressee or of another," constituted a crime of violence under § 4B1.1(a) of the Guidelines.[21] As we explained in *Chapman*, an argument like Knight's "allows no room for murder or voluntary manslaughter to qualify as crimes of violence because both offenses can be committed without the perpetrator striking the victim."[22]

Although our analysis differs slightly from the District Court's reasoning, we are convinced that purposely threatening another with what is perceived to be a deadly weapon is threatening the victim with "physical force," as that phrase is defined in *Johnson*.[23] Knight's first-degree robbery convictions under N.J. Stat. Ann. § 2C:15-1(b)

---

[20] Appellant's Reply Br. 4.

[21] *Chapman*, 2017 WL 3319287, at *2.

[22] *Id.* at *6 (concluding that "[t]his would substantially undermine Congress's goal of imposing substantial prison terms on repeat violent offenders" (internal quotation marks and citation omitted)).

*Jones* concerned a different offense than Knight's. In addition, the Second Circuit vacated that opinion. *See United States v. Jones*, 838 F.3d 296, 296 (2d Cir. 2016).

[23] *See Singh v. Gonzalez*, 432 F.3d 533, 539–41 (3d Cir. 2006) (discussing the perpetrator's intent to threaten a victim with physical injury).

therefore qualify as crimes of violence under U.S.S.G. § 4B1.2(a)(1) and, by extension, U.S.S.G. § 2K2.1(a).[24]

## III

For the foregoing reasons, we will affirm Knight's sentence.

---

[24] Given the basis for our conclusion, we need not reach the issue of whether Knight's robbery convictions fall within the generic definition of robbery or whether it remains an enumerated offense under the Guidelines. We further decline to rule whether N.J. Stat. Ann. § 2C:15-1(a)(1) and § 2C:15-1(a)(2) individually qualify as crimes of violence.